**Pamela D. GARCIA, Appellant,**

v.

**TEXAS DEPARTMENT OF CRIMINAL JUSTICE, Appellee.**

No. 14–94–00584–CV.

Court of Appeals of Texas, Houston (14th Dist.).

July 6, 1995.

Michael M. Essmyer, Clay T. Grover, Houston, for appellant.

Susan E. Werner, Austin, for appellee.

Before LEE, AMIDEI and EDELMAN, JJ.

## OPINION

AMIDEI, Justice.

This is an appeal from a summary judgment granted in favor of appellee, the Texas Department of Criminal Justice (TDC). Appellant, Pamela Garcia, brought a wrongful death/survival action under the Texas Tort Claims Act. In a single point of error, appellant contends that the trial court erred in granting appellee's motion for summary judgment. We affirm.

Appellant's husband, Ramiro Garcia was employed by appellee at the time of his death. He was a prison guard at the Ramsey I prison unit in Brazoria County. After completing his shift on June 22, 1991, Ramiro Garcia was asked to assist with the preparations for a Desert Storm Benefit to be held

the following day at the Ramsey I clubhouse. Appellee allowed alcoholic beverages to be served to Ramiro Garcia and the other TDC employees who were helping with the preparations. Ramiro Garcia became intoxicated. While driving home, Ramiro Garcia was killed in a one car accident.

Appellee filed a motion for summary judgment asserting that appellant: (1) failed to provide timely notice of her claim; and (2) failed to demonstrate a cause of action within the Texas Tort Claims Act limited waiver of immunity. The trial court granted this motion for summary judgment. The trial court denied appellant's motion for a new trial and this appeal followed.

▮ A summary judgment for the defendant disposing of the entire case is proper only if, as a matter of law, plaintiff could not succeed upon any theory pled. *Delgado v. Burns,* 656 S.W.2d 428, 429 (Tex.1983). In reviewing a summary judgment, the evidence is viewed in favor of the nonmoving party, resolving all doubts and indulging all reasonable inferences in the nonmovant's favor. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548 (Tex.1985). A defendant as a movant must either: (1) disprove at least one element of each of plaintiff's theories of recovery; or (2) plead and conclusively establish each essential element of an affirmative defense. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 679 (Tex.1979). When a summary judgment does not specify the grounds upon which the trial court granted it, as in the present cause of action, the reviewing court will affirm the judgment if any one of the theories advanced in the motion is meritorious. *State Farm Fire & Cas. Co. v. S.S.,* 858 S.W.2d 374, 380 (Tex.1993).

▮ In the case before us, appellant did not provide sufficient notice under the Texas Tort Claims Act. Section 101.101 of the Texas Tort Claims Act provides as follows:

(a) A governmental unit is entitled to receive notice of a claim against it under this chapter not later than six months after the day that the incident giving rise to the claims occurred. The notice *must reasonably describe:*

(1) the damage or injury claimed;

(2) the time and place of the incident; and

(3) the incident.

(b) A city's charter and ordinance provisions requiring notice within a charter period permitted by law are ratified and approved.

(c) The notice requirements provided or ratified and approved by subsections (a) and (b) do not apply if the governmental unit has actual notice that death has occurred, that the claimant has received some injury, or that the claimant's property has been damaged.

TEX.CIV.PRAC. & REM.CODE ANN. § 101.101 (Vernon 1986). Ramiro Garcia died on June 22, 1991. Appellant filed her lawsuit on August 14, 1992, and appellee was served on August 26, 1992. Appellant did not give the TDC written notice of the claim. Thus, TDC's first written notice occurred over a year after the incident occurred. Appellant failed to notify the TDC in writing of the alleged claim within six months of the incident giving rise to the claim, as required by § 101.101(a).

▮ Appellant, however, alleges that this case falls within the exception to the six month notice rule. Specifically, she asserts that a condolence letter sent to her from the TDC on June 24, 1991, indicates the TDC had "actual notice" of the incident within the meaning of § 101.101(c) of the Texas Tort Claims Act. We disagree. To constitute actual notice as an exception to § 101.101(a), the governmental unit must have knowledge of a death or injury, its alleged fault producing or contributing to the death or injury, and the identity of the parties involved. *Cathey v. Booth,* 900 S.W.2d 339, 339 (1995); *Parrish v. Brooks,* 856 S.W.2d 522, 525 (Tex. App.—Texarkana 1993, writ denied). Thus, actual notice means the governmental unit must have essentially the same knowledge it would have had if appellant had complied with § 101.101(a).

In the present case, the letter was the only evidence presented to support appellant's contention that the TDC had actual knowledge. This letter merely expressed sympathy over appellant's husband's death and of-

fered to assist with matters related to insurance or employee benefits due. Through this letter, TDC acquired knowledge of the death and the identity of the person injured. The record, however, is devoid of any evidence that the TDC had knowledge of any alleged fault of the TDC with respect to appellant's husband's death. The TDC did not know of any alleged culpability on its part or that it might be implicated in a subsequent suit.

■ The purpose of notice is to enable the governmental unit to investigate while the facts are fresh and the conditions are substantially similar to guard against unfounded claims, settle claims, and prepare for trial. *City of Houston v. Torres,* 621 S.W.2d 588, 591 (Tex.1981). Thus, to hold that actual notice may be based on a lesser requirement of knowledge than written notice would undermine the purpose of § 101.101 and effectively render it meaningless.

Appellant failed to give timely written notice and failed to present sufficient summary judgment evidence to raise the fact issue that the TDC received actual notice within the meaning of § 101.101 of the Texas Tort Claims Act. Accordingly, appellants claims are barred. The trial court properly granted appellee's motion for summary judgment.

We affirm the judgment of the trial court.