NUMBER 13-99-260-CV 



COURT OF APPEALS 



THIRTEENTH DISTRICT OF TEXAS 



CORPUS CHRISTI 

___________________________________________________________________ 



FREDDIE LEE MCKENZIE, Appellant, 



v. 



TEXAS DEPARTMENT OF CRIMINAL 

JUSTICE - INSTITUTIONAL DIVISION, ET AL., Appellees. 

___________________________________________________________________ 



On appeal from the 12th District Court 

of Walker County, Texas. 

____________________________________________________________________ 



O P I N I O N 



Before Justices Hinojosa, Yañez, and Kennedy(1) 



Opinion by Justice Kennedy 



Appellant is an inmate in the Institutional Division of the Texas
Department of Criminal Justice. (TDCJ-ID) He sued TDCJ-ID, together with various present
and past employees of the division, to wit, Hector Ortiz, Jesus N. Petalta, Shannon
Gillis, John French, Willie King, Al Losack, Morris Jones, Gary Johnson, and an unnamed
defendant for whom he left a blank space in his pleadings. He alleges harassment,
retaliation, gross negligence, wanton disregard which caused him "mental anguish,
hypertension, and bad nerves problems." Specifically, he alleges that the wrongful
acts of appellees were in retaliation for his reporting to the prison authorities the
destruction of some of his personal property (head phones) during the course of an
inspection of his cell. 

Appellant seeks $25,000 in actual damages and $300,000 in punitive
damages from each appellee. Appellant's suit is pro se and, while his pleadings
contain many spelling and punctuation errors, they, nevertheless, convey a reasonable
narrative of what he says happened. 

The trial judge entered an order, and ruled as follows: 

On this fourth day of March, 1999, the aforementioned cause of action
came before the court for an evidentiary hearing. The Court, after considering the
pleadings and the oral arguments, finds that the plaintiff's complaint failed to fully
comply with Section 101.101(a) of the Texas Tort Claims Act.[(2)]




It is hereby ORDERED that plaintiff McKenzie's complaint be DISMISSED. 



It is further ORDERED that any and all claims brought by plaintiff
McKenzie against defendants are hereby dismissed with prejudice. 



Any further relief not granted expressly herein is denied. 



Appellant, in his brief to this court, replies that Section 101.101(c)
nullifies Section 101.101(a). The pertinent portions of the notice article thus read: 

101.101 Notice 



A governmental unit is entitled to receive notice of a claim against it
under this chapter not later than six months after the day that the incident giving rise
to the claim occurred. The notice must reasonably describe: 



The damage or injury claimed; 



The time and place of the incident; and 



The incident. 



. . . 



The notice requirements provided or ratified and approved by subsections
(a) and (b) do not apply if the governmental unit has actual notice that death has
occurred, that the claimant has received some injury, or that the claimant's property has
been damaged. 



Appellant's original pleading alleges, "the defendants had actual
notice of tehmental (sic) anguish suffered and the property famage (sic), . . . ."
This language is not sufficiently detailed in order to make unnecessary the notice
required in Section 101.101(a). To constitute actual notice as an exception to Section
101.101(a) the governmental unit must have knowledge of the injury, its alleged or
possible fault producing or contributing to the injury and the identity of the persons
injured. Parrish v. Brooks, 856 S.W.2d 522, 525 (Tex. App.--Texarkana, 1993, writ
denied). Mere notice that an incident has occurred is not enough to establish actual
notice. Cathey v. Booth, 900 S.W.2d 339, 340 (Tex. 1995). 

Garcia v. Texas Dept. Of Criminal Justice, 902 S.W.2d 728,
730-31 (Tex. App.--Houston [14th Dist.] 1995, no writ), sets out the proper
definition of actual notice, as follows: 

Appellant, however, alleges that this case falls within the exception to
the six month notice rule. Specifically, she asserts that a condolence letter sent to her
from the TDC on June 24, 1991, indicates the TDC had "actual notice" of the
incident within the meaning of 101.101(c) of the Texas Tort Claims Act. We disagree. To
constitute actual notice as an exception to 101.101(a), the governmental unit must have
knowledge of a death or injury, its alleged fault producing or contributing to the death
or injury, and the identity of the parties involved. Cathey v. Booth, 900 S.W.2d
339, 339 (1995); Parrish v. Brooks, 856 S.W.2d 522, 525 (Tex. App. -- Texarkana
1993, writ denied). Thus, actual notice means the governmental unit must have essentially
the same knowledge it would have had if appellant had complied with 101.101(a). 



We AFFIRM the judgment of the trial court in dismissing appellant's
complaints and claims. 

NOAH KENNEDY 

Retired Justice 





Do not publish. 

Tex. R. App. P. 47.3. 





Opinion delivered and filed 

this the 23rd day of March, 2000. 

1. Retired Justice Noah Kennedy assigned to this
Court by the Chief Justice of the Supreme Court of Texas pursuant to TEX. Gov't Code Ann.
74.003 (Vernon 1988). 

2. Tex. Civ. Practices & Remedies Code Ann.,
Chapter 101 (Vernon 1997).