Opinion Issued August 14, 2008









Opinion Issued
August 14, 2008

 

 

 

 

 













 

     

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-07-00836-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



AUTRY GARRETT, INDIVIDUALLY AND AS NEXT FRIEND OF
JASMINE, DEVIN, AND SHANAE GARRETT, MINOR CHILDREN, Appellant

 

V.

 

HARRIS COUNTY HOSPITAL DISTRICT, Appellee

 

 



On Appeal from the 152nd District Court

Harris County, Texas








Trial Court Cause No. 2006-08198

 

 



MEMORANDUM OPINION

Appellant, Autry Garrett, appeals
from a judgment of dismissal rendered upon the granting of a plea to the
jurisdiction made by appellee, Harris County Hospital District (“HCHD”).  Garrett
contends that the trial court erred in granting HCHD’s plea to the jurisdiction
because they timely provided HCHD notice of their claim as required by the
Texas Tort Claims Act (TTCA).  We affirm.

Background

          On October 3, 2003, Garrett,
who was pregnant, went to Lyndon B. Johnson General Hospital (“LBJ”), a
facility owned and operated by HCHD, for routine obstetrical care.  At the
initial visit, Dr. Riggs discovered a mass in her left breast and ordered an
ultrasound.  On October 6, the hospital performed the ultrasound and detected a
possibly malignant mass.  On October 15, Garrett went to LBJ breast clinic for
evaluation by Dr. Robinson, who scheduled a needle biopsy on November 25.  Dr.
Bonner performed the needle biopsy and received the results, indicating a
malignant tumor, on December 1, 2003.  Garrett alleges that neither Dr. Bonner,
nor any other person at LBJ, telephoned her or mailed her the results of her
biopsy.  Garrett did not keep a follow-up appointment scheduled for December 10,
2003.

          Garrett instead had transferred
her care outside LBJ to Dr. Ortega, another OB/GYN. She had her first
appointment with Ortega on November 13, 2003, during which he too noted the
mass in Garrett’s left breast.  At her follow-up appointment on January 15,
2004, Ortega indicated that he would obtain her biopsy report from LBJ, but never
did so.  Garrett had two further appointments with Ortega following the
delivery of her baby on April 23, 2004.

On July 11, 2005, Garrett arrived at
the LBJ emergency room complaining of pain in her breast, at which time she
learned that the biopsy revealed ductal carcinoma.  The LBJ oncology clinic
evaluated Garrett and determined that the breast cancer had metastasized and
spread to her lumbar spine and the lymph nodes in her chest. 

On August 3, 2005, Garrett’s attorney
sent letters to the LBJ administrator, Harris County Judge Eckels, Harris
County Commissioners, and The University of Texas Health Science Center at Houston notifying them of the pending claim.  Garrett filed suit on February 7, 2006. 
HCHD filed a plea to the jurisdiction and a supplement to it, contending that Garrett’s
notice was untimely filed because the Tort Claims Act requires notice of the
claim within six months of the date of the occurrence, and HCHD’s failure to
report the results occurred in December 2003.  The trial court granted HCHD’s
plea to the jurisdiction and dismissed the case.

Plea to the Jurisdiction

Garrett contends that the trial court
erred in determining that her claim against HCHD is barred for failing to
provide the County with timely notice of the claim.  She asserts that her claim
against HCHD did not accrue until Garrett discovered her biopsy results in July
2005 instead of the date that HCHD received the results and failed to promptly
report them—December 2003. Alternatively, Garrett contends that the discovery
rule should apply to the TTCA’s notice requirement, and thus, we should
equitably toll the notice period until Garrett learned of the biopsy results
and HCHD’s alleged negligence.  We note that Garrett did not contend in the
trial court and does not contend on appeal that HCHD had actual notice of the
claim.  Cf. Cathey v. Booth, 900 S.W.2d 339, 341 (Tex. 1995) (holding that hospital did not have actual notice of claim even if death
occurred and thus, statute of limitations had run).

Standard of Review

The question of subject-matter jurisdiction is a legal issue, and thus we
review the trial court’s ruling under a de novo standard.  Mayhew v. Town of
Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998).  The pleader must allege
facts that affirmatively demonstrate the court’s jurisdiction to hear the
cause.  Tex. Ass’n of Bus. v. Texas Air Control Bd., 852 S.W.2d
440, 446 (Tex. 1993).  A reference to, or recitation of, provisions of the TTCA
in pleadings does not confer jurisdiction on the trial court unless the facts
alleged demonstrate a claim that falls within the act’s scope.  Tex. Dep’t of Criminal Justice v. Miller, 51 S.W.3d 583, 587 (Tex. 2001).  We consider the pleadings and any proffered evidence to resolve the
jurisdictional issues raised.  Bland Indep. Sch. Dist. v. Blue, 34
S.W.3d 547, 555 (Tex. 2000).  If the evidence as to jurisdictional facts is
undisputed, then whether that evidence establishes a trial court’s jurisdiction
is a question of law. Tex. Dep’t of Parks and Wildlife v. Miranda,
133 S.W.3d 217, 226 (Tex. 2004).  If the evidence creates a fact question
regarding the jurisdictional issue, then the trial court cannot grant the plea
to the jurisdiction; the fact issue must be resolved by the fact finder.  See
id. at 227–28.  When reviewing a plea to the jurisdiction in a case in
which the plaintiff meets the TTCA’s pleading requirements but the government
has submitted evidence in support of the plea, we take as true all evidence
favorable to the plaintiff and indulge every reasonable inference in the plaintiff’s
favor.  Id. at 228.

Texas Tort Claims Act—Notice Requirement

To overcome the shield of governmental
immunity, a plaintiff must comply with the TTCA’s notice requirements, found in
Texas Civil Practice and Remedies Code section 101.101, as follows:

(a) A governmental unit is entitled to receive notice
of a claim against it under this chapter not later than six months after the
day that the incident giving rise to the claim occurred. The notice must
reasonably describe: 

(1) the damage or injury claimed; 

(2) the time and place of the incident; and 

(3) the incident. 

 

. . . . 

 

(c) The notice requirements provided or ratified and
approved by Subsections (a) and (b) do not apply if the governmental unit has
actual notice that death has occurred, that the claimant has received some
injury, or that the claimant's property has been damaged. 

 

Tex. Civ.
Prac. & Rem. Code Ann.
§ 101.101 (Vernon 2005).  Mere notice that an incident has occurred is not
enough to establish actual notice.  Cathey v. Booth, 900 S.W.2d 339, 340
(Tex. 1995); Garcia v. Texas Dep't of Criminal Justice, 902 S.W.2d 728,
730–31 (Tex. App.—Houston [14th Dist.] 1995, no writ).  The notice requirement
ensures prompt reporting of claims to enable the government to investigate
while facts are fresh and conditions remain substantially the same.  City of
Houston v. Torres, 621 S.W.2d 588, 591 (Tex. 1981); see also Dinh v. Harris County Hosp. Dist., 896 S.W.2d 248, 251 (Tex. App.—Houston [1st Dist.] 1995,
writ dism’d w.o.j.); Parrish v. Brooks, 856 S.W.2d 522, 525 (Tex.
App.—Texarkana 1993, writ ref’d).  The failure to give notice under section
101.101 requires that the trial court dismiss a suit under the TTCA for lack of
jurisdiction because the Texas legislature has determined that the TTCA’s
notice requirement is jurisdictional in nature.  Tex. Gov’t Code Ann. § 311.034 (Vernon 2005) (“Statutory
prerequisites to a suit, including the provision of notice, are jurisdictional
requirements in all suits against a governmental entity.”).
Analysis

          Garrett notified the HCHD
of her claim on August 3, 2005.  In order for her notice to be timely, the event
giving rise to the HCHD’s liability thus must have occurred on or after
February 3, 2005.  Garrett asserts that HCHD’s failure to communicate the
results of the biopsy to Garrett constitutes a continuing tort, and thus they
meet the six-month requirement.  Alternatively, Garrett contends that her cause
of action occurred in July 2005 “when Autrey first learned she had a
life-threatening disease that had gone untreated.”  In essence, Garrett asks
either that we extend the accrual date of her claim to July 2005 or we apply an
equitable discovery rule to the TTCA’s notice provision.  

Accrual Date

          HCHD breached its duty to
disclose Garrett’s biopsy results by failing to communicate the results
reasonably promptly after obtaining them.  See Rowntree v. Hunsucker,
833 S.W.2d 103, 108 (Tex. 1992) (holding that doctor could have breached duty
to perform proper examinations only on those occasions when he had opportunity
to perform such examinations); see also Bala v. Maxwell, 909 S.W.2d 889,
892 (Tex. 1995) (holding that physician’s “negligent failure to conduct
follow-up procedures” occurs only “in connection with the [last] examination”);
Shah v. Moss, 67 S.W.3d 836, 844–45 (Tex. 2001) (holding that when
physician negligently fails to provide weekly or monthly follow-up treatment,
breach of duty imposed by standard of care occurs on last date physician actually
saw patient);  Gross v. Kahanek, 3 S.W.3d 518, 521 (Tex. 1999) (because
appellant doctor was no longer authorizing refills of appellee’s prescription
as of September 1992 and was therefore no longer responsible for monitoring her
blood levels, appellant’s course of treatment with appellee ended in September
1992, even though appellee continued to take same prescription, now being
authorized by a different doctor).  It was HCHD’s alleged failure to promptly
communicate the biopsy results that caused Garrett’s injury.  Thus, we hold
that Garrett’s cause of action accrued in December 2003 or early 2004, well
before February 3, 2005, the earliest date by which her actual notice of claim
would have been timely under the TTCA.         

Discovery Rule

Garrett contends that she could not
possibly have discovered the failure to communicate her diagnosis to her until
much later.  The TTCA, however, does not provide a discovery rule to extend the
limitations period.  The courts that have considered imposing a discovery rule
have ultimately determined that the language of section 101.101 precludes it.  See
Univ. of Tex. Med. Branch at Galveston v. Greenhouse, 889 S.W.2d 427, 429 (Tex. App.—Houston [1st Dist.] 1994, writ denied) (op. on reh’g) (“While we believe it is
remarkably unfair to deprive Greenhouse of her right of recourse against UTMB
because she was unable, through no fault of her own, to comply with the notice
requirements, we must agree with UTMB that the trial court erred in applying
the discovery rule.”); see also Putthoff v. Ancrum, 934 S.W.2d 164, 174
(Tex. App.—Fort Worth 1996, writ denied) (holding that the discovery rule does
not apply to claims made under the TTCA); Streetman v. Univ. of Tex. Health
Science Center at San Antonio, 952 S.W.2d 53, 56 (Tex. App.—San Antonio 1997,
writ denied) (same).  We follow our court’s holding in Greenhouse and
hold that the discovery rule does not apply to the TTCA notice requirement.  See
Greenhouse, 889 S.W.2d at 429 (holding that the trial court erred in
applying the discovery rule); see also Putthoff, 934 S.W.2d at 174.  




Conclusion

The trial court did not err in
granting HCHD’s plea to the jurisdiction based on untimely notice.  We therefore
affirm the judgment of the trial court.

 

                                                          Jane Bland

                                                          Justice

 

Panel consists of Justices Taft, Jennings, and Bland.