**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-12-00463-CV**

_____

**TEXAS DEPARTMENT OF TRANSPORTATION, Appellant**

**V.**

**TINA CASH, Appellee**

**On Appeal from the 88th District Court**
**Hardin County, Texas**
**Trial Cause No. 48295**

**MEMORANDUM OPINION**

Texas Department of Transportation ("TXDOT") appeals the trial court's denial of its plea to the jurisdiction and motion for summary judgment. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (West Supp. 2012). We reverse the trial court denial of TXDOT's plea to the jurisdiction and dismiss appellee's case for want of jurisdiction.

1

## Procedural Background

Appellee, Tina Cash, filed suit against TXDOT and APAC-Texas, Inc. ("APAC") to recover damages for TXDOT and APAC's alleged negligence that caused Cash to fall and break her ankle. TXDOT answered the suit and alleged, among other things, that the trial court lacked subject matter jurisdiction over Cash's claims because Cash failed to provide TXDOT with notice of her claim as required by the Texas Tort Claims Act. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.101 (West 2011). TXDOT filed a plea to the jurisdiction wherein it argued that the trial court lacked subject matter jurisdiction because Cash failed to give TXDOT notice of her claim. The trial court made a docket entry that TXDOT's plea to the jurisdiction was denied on July 20, 2010, but the parties failed to obtain a written order indicating the denial. Several months later, TXDOT filed a motion for summary judgment arguing that TXDOT did not waive sovereign immunity and was immune from liability, and, further, as a matter of law, that Cash could not establish all of the required elements to support her premises defect claim against TXDOT. The trial court denied TXDOT's motion for summary judgment on September 7, 2012. However, TXDOT had previously filed a notice of interlocutory appeal on June 22, 2012.

2

In its notice of appeal, TXDOT gave notice that it was appealing the trial court's denial of its plea to the jurisdiction. In its brief, TXDOT argues that the trial court lacked jurisdiction because Cash did not give notice under sections 101.101 and 101.021 of the Civil Practice and Remedies Code. *See id.* §§ 101.101, 101.021.

## Jurisdiction to Consider Interlocutory Order

Before addressing the merits of TXDOT's appeal, we must first determine whether this appeal is within our jurisdiction. Cash states in her brief that she does not contest TXDOT's right to file an interlocutory appeal. However, even if no party contests jurisdiction, we will independently determine our jurisdiction. *See M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004) (per curiam).

Appellate courts have authority to review interlocutory orders only when authorized by statute. *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001). Section 51.014 of the Civil Practice and Remedies Code allows an appeal from an interlocutory order that "grants or denies a plea to the jurisdiction by a governmental unit as that term is defined in Section 101.001[.]" Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8). "The Legislature provided for an interlocutory appeal when a trial court denies a governmental unit's challenge to subject matter jurisdiction, irrespective of the procedural vehicle used." *Thomas v.*

3

*Long*, 207 S.W.3d 334, 339 (Tex. 2006). "Statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity." Tex. Gov't Code Ann. § 311.034 (West Supp. 2012).

TXDOT appealed the trial court's denial of its plea to the jurisdiction. After noting the trial court's failure to enter a written order concerning TXDOT's plea to the jurisdiction, we abated the appeal and remanded it to the trial court to enter a written order. The trial court signed the order denying TXDOT's plea to the jurisdiction on February 22, 2013. Because TXDOT filed its notice of appeal before the trial court signed its order, the notice of appeal was premature. *See* Tex. R. App. P. 28.1(a) ("Appeals from interlocutory orders . . . are accelerated appeals."); *see also* Tex. R. App. P. 26.1(b) ("[I]n an accelerated appeal, the notice of appeal must be filed within 20 days after the judgment or order is signed[.]"). Therefore, we deem TXDOT to have filed its notice of appeal on February 22, 2013, when the trial court signed the order denying TXDOT's plea to the jurisdiction. *See* Tex. R. App. P. 27.1(a) ("In a civil case, a prematurely filed notice of appeal is effective and deemed filed on the day of, but after, the event that begins the period for perfecting the appeal.") Therefore, we have jurisdiction to consider this interlocutory appeal. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8).

4

## Standard of Review

A plea to the jurisdiction challenges a trial court's subject matter jurisdiction. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999) (per curiam). Because it is a question of law, we review de novo whether a trial court has subject matter jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). A court is not required to look solely to the pleadings; rather, the court may consider evidence when it is necessary to resolve a jurisdictional issue. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000). We take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *See Miranda*, 133 S.W.3d at 228. TXDOT bears the initial burden of proof to support its plea to the jurisdiction with evidence. *See id.* Cash is then required to show only that a disputed material fact issue exists. *See id.* If the relevant evidence is undisputed or fails to raise a question of fact on the jurisdictional issue, we will rule on TXDOT's plea as a matter of law. *See id.*

## Notice of Claim under the Texas Tort Claims Act

In its plea to the jurisdiction, TXDOT argued that the trial court lacked subject matter jurisdiction because Cash failed to meet the statutory notice requirements under section 101.101 of the Civil Practice and Remedies Code.

Section 101.101 provides that "[a] governmental unit is entitled to receive notice of a claim against it under this chapter not later than six months after the day that the incident giving rise to the claim occurred." Tex. Civ. Prac. & Rem. Code Ann. § 101.101(a). The statute further provides that the notice must reasonably describe the damage or injury claimed; the time and place of the incident; and the incident. *Id.* § 101.101(a)(1)-(3). This notice provision, however, does not apply "if the governmental unit has actual notice that death has occurred, that the claimant has received some injury, or that the claimant's property has been damaged." *Id*. § 101.101(c). The Texas Supreme Court interpreted section 101.101 as entitling the governmental unit to receive formal, written notice of a claim against it within six months of the incident, unless the governmental unit has actual notice of the claim. *Tex. Dep't of Crim. Justice v. Simons*, 140 S.W.3d 338, 339 (Tex. 2004) (citing *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995)). In *Cathey*, the Court explained that "[t]he purpose of the notice requirement is to ensure prompt reporting of claims in order to enable governmental units to gather information necessary to guard against unfounded claims, settle claims, and prepare for trial." 900 S.W.2d at 341. Considering this purpose, the Court held that governmental entities have actual notice when they have "knowledge of (1) a death, injury, or property damage; (2) the governmental unit's alleged fault producing or

6

contributing to the death, injury, or property damage; and (3) the identity of the parties involved." *Id*. The intent is to give a governmental unit "knowledge that amounts to the same notice to which it is entitled by section 101.101(a)." *Simons*, 140 S.W.3d at 347. The Court explained that this knowledge "includes subjective awareness of its fault, as ultimately alleged by the claimant, in producing or contributing to the claimed injury." *Id*.

Cash does not maintain that she provided TXDOT with formal written notice under the Act. Rather, she claims that TXDOT had actual notice. To establish a jurisdictional fact issue, Cash relies on the deposition testimony of her husband, Victor Cash, and on the deposition testimony of APAC's division president, Kal Kincaid. Cash argues that this testimony creates a fact issue regarding TXDOT's actual notice of the claim.

In his deposition, Victor testified that after his wife fell, he called APAC. He testified that he knew APAC was performing the construction work by his house because he saw the name written on the trucks. Victor called APAC because he wanted them to come fix the area. He could not recall the names of the people he spoke with at APAC, but recalled that a man told him he needed to "call the State" and that the man gave him a number to call. Victor testified that he called the State. He did not recall with whom he spoke when he called the State. Victor testified

7

that he called the State because he wanted to get his mailbox area fixed. There is nothing in the record that indicates what additional information, if any, Victor provided the State when he called TXDOT to get his mailbox fixed.

Victor testified that the Friday after his wife's injury, the State sent a crew out to his house to put asphalt down in front of the mailbox area. Victor testified that he spoke with TXDOT's crew and told them that he was glad they were fixing the area because his wife had broken her ankle on Monday. Victor testified that one of the crewmembers responded that the area was "'a mess'" and that "'APAC should have fixed this right to start with and we wouldn't be out here.'"

In his deposition, Kal Kincaid testified that to his knowledge, APAC did not notify TXDOT of Cash's injury after receiving the call from Victor. Instead, it was his understanding that TXDOT first became aware of Cash's injury after someone associated with Cash called TXDOT.

The testimony that Cash presented to establish that TXDOT had actual notice fails to demonstrate subjective awareness on the part of TXDOT that its fault produced or contributed to Cash's alleged ankle injury. Even liberally reading the deposition testimony in the record, we are unable to find evidence that TXDOT had actual notice that its fault allegedly produced or contributed to Cash's injury. *See Simons*, 140 S.W.3d at 347-48. At most, the testimony relied upon by Cash

8

supports that TXDOT received notice of the injury, but there is no evidence sufficient to raise a question of fact with regard to TXDOT's subjective awareness of its alleged fault. Mere notice that an incident has occurred is not sufficient to establish actual notice under section 101.101. *City of Wichita Falls v. Jenkins*, 307 S.W.3d 854, 860-61 (Tex. App.—Fort Worth 2010, pet. denied); *Garcia v. Tex. Dep't of Crim. Justice*, 902 S.W.2d 728, 730-31 (Tex. App.—Houston [14th Dist.] 1995, no writ); *see Cathey*, 900 S.W.2d at 340. Moreover, based on the evidence in the record, Victor's only stated purpose in calling the State was to get his mailbox area fixed, not to report a claim based on his wife's injury.

Cash identifies other alleged facts to support that TXDOT had actual notice, including that: TXDOT's own employee slipped after being stuck in the embankment; TXDOT's employees acknowledged that the condition of the premises was "a mess"; TXDOT's truck could not park on the dirt embankment without sliding; and TXDOT performed subsequent remedial measures to the area. However, these claims, even if true, do not constitute evidence of TXDOT's subjective awareness that its fault produced or contributed to Cash's injury. *See Simons*, 140 S.W.3d at 347-48. Finally, Cash also alleges that the fact that APAC's Kal Kincaid admitted to receiving actual notice of the claim is sufficient for us to deem TXDOT as having received actual notice of the claim. Without addressing

9

Cash's argument that APAC is an agent of the State, Kincaid's testimony only supports that APAC received notice of the injury, but not notice of the claim against either APAC or TXDOT.

Cash alleged in her petition that APAC and TXDOT were negligent in failing to restore the walkway to Cash's mailbox to its pre-construction condition and in failing to select and install material that would provide a safe walkway. We find no evidence in the record that TXDOT was aware that any action or inaction on its part may have affected the condition of the walkway or that it had authorized or selected an unsuitable fill material.

In support of its plea, TXDOT attached the affidavit of Phil Pellegrino, the Tort Section Manager of the Occupational Safety Division of TXDOT. Pellegrino states he is the custodian of records and receives all claims submitted against TXDOT. He avers that prior to the filing of Plaintiff's First Amended Petition, TXDOT did not receive actual knowledge of Cash's intent to file a claim, of Cash's alleged injury, of any purported causes of Cash's injury, of TXDOT's alleged culpability for Cash's injury, or of the location where Cash claims the injury occurred. The record contains no other evidence addressing actual notice. The notice of Cash's injury alone was insufficient to enable TXDOT to "gather

information necessary to guard against unfounded claims, settle claims, and prepare for trial." *See Cathey*, 900 S.W.2d at 341.

Accordingly, from the record provided, we hold as a matter of law that TXDOT did not have actual notice that its fault produced or contributed to Cash's injury. It was error for the trial court to deny TXDOT's plea to the jurisdiction.[1] Because Cash failed to comply with the notice requirements of section 101.101, we reverse the trial court's order and render judgment dismissing Cash's claim for want of jurisdiction. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 51.014(a)(8); 101.101; *see also* Tex. Gov't Code Ann. § 311.034.

REVERSED AND DISMISSED.

_____
CHARLES KREGER
Justice

Submitted on January 2, 2013
Opinion Delivered April 18, 2013
Before Gaultney, Kreger and Horton, JJ.

---

[1] We need not address TXDOT's motion for summary judgment because it offers no greater relief than TXDOT would be entitled to under its plea to the jurisdiction. *See* Tex. R. App. P. 47.1.

11